**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MARVIN SMITH SHAHEEN,

                       Plaintiff,

       v.                                   No. 04-CV-625
                                           (FJS/DRH)

GARY FILION, Superintendent; JOAN SMITH,
Deputy Superintendent; LT. HORTON;
LT. PEREZ; J. FUNK; JOCHOMAS, Correctional
Officer; and JOHN DOE, Sergeant,

                       Defendants.

_____

**APPEARANCES:**                   **OF COUNSEL:**

MARVIN SMITH SHAHEEN
Plaintiff Pro Se
c/o Marian Gray
Post Office Box 215
Portchester, New York 10573

HON. ELIOT SPITZER              STEPHEN M. KERWIN, ESQ.
Attorney General for the          Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

      Plaintiff pro se Marvin Smith Shaheen ("Shaheen"), formerly an inmate in the custody

of the New York State Department of Correctional Services (DOCS), brings this action

_____

      [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pursuant to 42 U.S.C. § 1983 alleging that defendants, seven DOCS employees, violated his constitutional rights under the First, Fifth, and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently pending are the motions of five defendants[2] for summary judgment pursuant to Fed. R. Civ. P. 56 or to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Docket No. 34.  Shaheen opposes both motions.  Docket No. 40.  For the reasons which follow, it is recommended that defendants' motion be granted.  It is also recommended that the complaint be dismissed without prejudice as to the two unserved defendants.

## I. Background

The facts are presented in the light most favorable to Shaheen as the non-moving party. See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

At all relevant times, Shaheen was incarcerated at Coxsackie Correctional Facility ("Coxsackie").  In November 2003, Shaheen was elected Chairman of the Inmate Liaison Committee ("ILC").  Filion Decl. (Docket No. 34) at ¶ 5.  On November 25, 2003, Shaheen was punched in the face by another inmate in the ILC office.  Funk Decl. (Docket No. 34) at Ex. A.  Corrections officers responded and Shaheen was issued an inmate misbehavior report for fighting and violent conduct.  Id.  On December 1, 2003, a hearing on the charges was held.  Smith Decl. (Docket No. 34) at Ex. A.  During the hearing, Shaheen did not request any witnesses or documents and was the only witness to testify.  Id. at ¶ 5, Ex. A; Pl. Reply Statement of Material Facts (Docket No. 40) at ¶¶ 8-10.  Defendant Smith, the hearing

---

[2] Filion, Smith, Horton, Perez, and Funk.

officer found Shaheen guilty and sentenced him to sixty days of keeplock,[3] sixty days loss of recreation, and thirty days loss of telephone, commissary, and packages. Smith Decl. at ¶ 5. Shaheen was also removed from his position as ILC chairman.  Filion Decl. at ¶ 12.  On administrative appeal, the determination was overturned but only after Shaheen had completed service of the punishment.  Pl. Reply Statement of Material Facts at ¶ 14.  This action followed.  ____

## II. Discussion

Shaheen asserts two causes of action against all defendants.  The first alleges that defendants retaliated against him after he wrote newspaper articles criticizing prison officials. The second alleges that defendants violated his due process rights in the disciplinary proceedings.  Defendants seek judgment and dismissal for both claims.

## A. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v.

--------------------

[3]"Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities." Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (1995).

Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Id.[4] However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

---

[4] Notwithstanding his pro se status, Shaheen has significant experience in litigation having filed at least twenty-one other federal actions in the last eighteen years.  See U.S. Party/Case Index (visited Aug. 30, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

## B. Retaliation

Shaheen contends that defendants placed him in keeplock and removed him from his position as chairman of the ILC in retaliation for writing newspaper articles and filing complaints criticizing prison officials.  Defendants contend that this claim is without merit.

In order to prevail on a retaliation claim, a plaintiff must first assert that the plaintiff's conduct was constitutionally protected and that this conduct was a "substantial factor" that caused the adverse action against plaintiff.  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  The burden then shifts to the defendant to show that by a preponderance of the evidence, the adverse action would have resulted even in the absence of the protected conduct.  Id.; see also Dawes v. Walker, 239 F.3d 489, 492 (2d. Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Retaliation claims are actionable because the conduct may tend to chill an individual's exercise of constitutional rights. Dawes, 239 F.3d at 491.  However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.

Here, Shaheen's writing of articles critical of prison officials and his complaints to prison officials in his capacity as the chairman of the ILC were clearly assertions of his constitutional rights protected by the First Amendment.  See Simmat v. Manson, 535 F. Supp. 1115, 1117-18 (D. Conn. 1982) ("[prisoner's] first amendment right to freedom of expression encompasses the right to express himself without punitive retaliation.").  Shaheen claims that the adverse action which resulted from this conduct was defendants' filing of a false misbehavior report that resulted in Shaheen spending sixty days in keeplock.  In order for any action to constitute adverse action, a plaintiff must establish that the adverse action

would deter a similarly situated individual from exercising his or her constitutional rights. Dawes, 239 F.3d at 491.  It is reasonably possible that other inmates would fail to exercise their constitutional right to criticize prison officials for fear that they would be subjected to false misbehavior reports and sentenced to keeplock.  Thus, the disciplinary action and Shaheen's placement in keeplock at least present questions of fact whether they constitute adverse actions.

However, Shaheen fails to show a causal connection between his criticism of prison officials and the alleged filing of a false misbehavior report because he only offers conclusory evidence to support his claim that defendants were aware of his criticism of the prison.  See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983); see also Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003).  Shaheen provides no evidence to demonstrate that any defendant had any knowledge of his complaints against prison officials prior to the filing of the misbehavior report.  In response to Shaheen's allegations, each moving defendant had provided a declaration stating that he or she was unaware of any of Shaheen's writings that criticized prison officials and conditions.  See Filion Decl. at ¶ 9; Funk Decl. at ¶ 5; Horton Decl. (Docket No. 34) at ¶ 7; Perez Decl. (Docket No. 34) at 4; Smith Decl. at ¶ 3.  Thus, because Shaheen offers only conclusory evidence to support his claim, he has failed to demonstrate a causal connection between the constitutionally protected conduct and the alleged adverse action.

Therefore, it is recommended that defendants' motion on this ground be granted.

## C. Due Process

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). To determine whether an inmate possessed a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995). This standard requires a prisoner to establish that the confinement was atypical and significant in relation to ordinary prison life. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996). Here, Shaheen concedes that his time in keeplock was not atypical, stating "plaintiff has never presented or suggested that his confinement was atypical and significant hardship." Pl. Reply Mem. of Law (Docket No. 40) at 21. Thus, by his own admission, Shaheen has failed to establish the existence of a protected liberty interest.[5]

Accordingly, it is recommended that defendants' motion on this ground be granted.

## D. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d

---

[5] Shaheen also concedes that his position as Chairman of the ILC does not constitute a protected liberty interest. Pl. Reply Mem. of Law at 20 ("Next addressing the defendants claim that plaintiff had no liberty interest in my position as ILC chairman which they are totally correct . . . ").

211, 229-30 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Shaheen's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, defendants' motion for summary judgment on this alternative ground should be granted.

### III. Failure to Prosecute

Defendants contend in the alternative that Shaheen's failure to inform the court of his new address after his release from Coxsackie requires dismissal of his claim for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute an action, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b).  Local Rule 10.1(b)(2) provides that all pro se litigants must notify the Court of any change of address.  See Moshier v. Trabout, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998).  Here, subsequent to defendants' motion for summary judgment, Shaheen filed a response in opposition to defendants' motion and a notice of a

change of address.  See Docket Nos. 40, 41.  Thus, Shaheen clearly has not abandoned his claim and dismissal would be an unduly harsh remedy.  See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Rule 41(b) dismissal is a harsh remedy to be used only in extreme circumstances).

Therefore, defendants' motion on this ground should be denied.

### IV. Failure to Serve Defendants Doe and Jochomas

Shaheen's complaint asserts claims against John Doe, a defendant who has neither been identified nor served with the complaint.  Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effectuated within 120 days of the date of the filing of the complaint.  See also N.D.N.Y.L.R. 4.1(b).  Because defendant John Doe has not been identified by Shaheen or timely served with process, it is recommended that the complaint be dismissed without prejudice against this defendant.

As to defendant Jochomas, a summons for service of process upon Jochomas was issued on June 3, 2004. Docket Entry dated 6/3/04.  The summons was returned unexecuted as to Jochomas on July 7, 2004.  Docket No. 7.  More than 120 days have passed since the summons for Jochomas was issued.  Accordingly, it is also recommended that the complaint be dismissed as to Jochomas without prejudice pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

### V.  Conclusion

For the reasons stated above, it is hereby

9

**RECOMMENDED** that:

1. Defendants' motion for summary judgment (Docket No. 34) be **GRANTED** as to defendants Filion, Smith, Horton, Perez, and Funk and as to both of Shaheen's causes of action;

2. The complaint be **DISMISSED** without prejudice as to defendants John Doe and Jochomas; and

3. This action therefore be **TERMINATED** in its entirety as to all defendants and all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  September 5, 2006
        Albany, New York

David R. Homer

United States Magistrate Judge